# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ryan A. Carlson, | Court File No. 17-cv-00646 (RHK/TNL) |
| **Plaintiff,** | |
| vs. | **FIRST AMENDED COMPLAINT WITH JURY DEMAND** |
| City of Minneapolis; and Officer Adam Lepinski and Officer Jeffrey Seidl, in their individual and official capacities, | |
| **Defendants.** | |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First and Fourth Amendments to the United States Constitution, and pursuant to Minnesota state law, against the City of Minneapolis and Officers Lepinski and Seidl, in their individual and official capacities.

2. It is alleged that the Defendants retaliated against and made an unreasonable seizure of Plaintiff's person, violating his rights under the First and Fourth Amendments to the United States Constitution. It is also alleged that Defendants battered and maliciously prosecuted Plaintiff under Minnesota state law.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff Ryan Carlson was at all material times a resident of the State of Minnesota and of full age.

6. The City of Minneapolis, Minnesota, is a municipal corporation and the public employer of the Defendant Officers.

7. The Defendant Police Officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Minneapolis, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Minneapolis.

## FACTS

8. On September 18, 2016, Mr. Carlson was at the Exchange bar in downtown Minneapolis. At one point, Mr. Carlson exited the bar and proceeded to walk towards the street. Prior to exiting the bar, Mr. Carlson was not involved in any arguments or altercations with bar staff or anyone else and exited the bar voluntarily. Mr. Carlson was not kicked out of the bar nor was he asked to leave by bar staff.

9. As he was standing at the curb, Mr. Carlson saw Defendant Officer Lepinski standing nearby. Mr. Carlson did not say anything to Officer Lepinski and did not threaten or engage

him in any way. Officer Lepinski then approached Mr. Carlson with a can of pepper-spray, aimed it directly into Mr. Carlson's face, and, before Mr. Carlson had time to react, sprayed Mr. Carlson directly in the face with the pepper-spray from a very close distance. Mr. Carlson observed Officer Lepinski smiling at Mr. Carlson right before Officer Lepinski discharged the pepper-spray. Officer Lepinski did not give Mr. Carlson any warnings or instructions prior to pepper-spraying him in the face. After pepper-spraying him, Officer Lepinski did not offer Mr. Carlson any assistance whatsoever and just left Mr. Carlson by himself on the sidewalk.

10. Mr. Carlson immediately suffered severe pain and burning to his face and eyes, could not see or open his eyes, and became disoriented. Mr. Carlson has never had any negative experiences with law enforcement and became extremely fearful as to what was happening. The area around the bar was very busy and Mr. Carlson was left alone, unable to see, in a crowd of people.

11. Mr. Carlson walked on the sidewalk approximately 20 feet away from the bar. As he walked, Mr. Carlson could barely see where he was going. Mr. Carlson was in shock about what just took place and could not see with his eyes. Mr. Carlson has never been in such a situation before and was scared for his life. Mr. Carlson took out his phone and attempted to call his wife but was unable to use his phone due to the effects of the pepper-spray and put it away.

12. Mr. Carlson, completely helpless, remained on the sidewalk asking strangers for help but no one would help Mr. Carlson. Approximately 10 minutes later, a bar employee approached Mr. Carlson, sprayed cold water into his face in an attempt to help, and went back to his post in front of the bar, leaving Mr. Carlson in the same place. Mr. Carlson remained on the sidewalk for approximately 5 more minutes asking strangers to help him, but again no one

offered any help. At this point, a passer-by approached Mr. Carlson and sprayed more water into his face. Mr. Carlson remained in the same area for approximately 5 more minutes, at which point his vision started to improve and he was able to open his eyes. While he was on the sidewalk asking for help, someone stole Mr. Carlson's Apple iPhone.

13. Mr. Carlson then walked back towards the bar and saw Officer Lepinski with one or two other officers standing near the bar. Mr. Carlson asked Officer Lepinski why he pepper-sprayed him. Mr. Carlson was not threatening or acting aggressively towards the officers at this time and was not engaged in any suspicious or criminal activity. At this point, Defendant Officer Seidl grabbed Mr. Carlson and pulled his hands behind his back. Next, Officer Lepinski handcuffed Mr. Carlson behind his back and arrested him without justification. Officer Lepinski then searched Mr. Carlson, placed him in the squad, and transported and booked him into the Hennepin County Jail where Mr. Carlson remained for approximately 8 hours. Officer Lepinski charged Mr. Carlson with disorderly conduct, but all criminal charges against Mr. Carlson were later dismissed.

14. As a result of the Defendant Officers' actions, Mr. Carlson suffered severe physical pain and discomfort from the pepper-spray, physical pain and discomfort from the handcuffing, emotional trauma and distress, fear, stress, shame, humiliation, embarrassment, loss of freedom and liberty, loss of property, and attorney's fees associated with the criminal prosecution.

## **CLAIMS FOR RELIEF**

**COUNT 1: 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION AGAINST OFFICERS LEPINSKI AND SEIDL**

15. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

16. Based on the above factual allegations, the Defendant Officers, through her actions, acting under the color of state law, violated Plaintiff's constitutional right to free speech under the First Amendment to the United States Constitution. Specifically, Plaintiff exercised his right to free speech protected by the First Amendment when he asked for help after being pepper-sprayed and when he returned to ask Officer Lepinski why he pepper-sprayed him. Defendants took actions against Plaintiff that were sufficiently serious to chill a person of ordinary firmness from engaging in protected speech when they handcuffed, arrested, jailed, and filed criminal charges against Plaintiff, all without justification. Defendants engaged in this conduct against Plaintiff in retaliation for Plaintiff exercising his First Amendment rights.

17. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST OFFICERS LEPINSKI AND SEIDL

18. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

19. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when they pepper-sprayed and handcuffed Plaintiff without justification.

20. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 3: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEARCH AND SEIZURE AND FALSE ARREST AGAINST OFFICERS LEPINSKI AND SEIDL

21. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

22. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from

unreasonable searches and seizures under the Fourth Amendment to the United States Constitution when the Defendant Officers arrested and searched Plaintiff without probable cause or reasonable suspicion to believe that Plaintiff had committed a crime.

23. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 4: BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

24. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

25. Based on the above factual allegations, the Defendants battered Plaintiff. Specifically, the Defendant Officers engaged in intentional, offensive, and unpermitted contact with Plaintiff when they pepper-sprayed and handcuffed him without justification.

26. Defendant City of Minneapolis is vicariously liable to Plaintiff for the Defendant Officers' battery.

27. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

### COUNT 5: MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

28. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

29. Based on the above factual allegations, the Defendants committed malicious prosecution when they intentionally and with malice caused Plaintiff to be prosecuted for disorderly conduct without probable cause and without reasonable belief that the prosecution will succeed. The prosecution terminated in Plaintiff's favor when all criminal charges against Plaintiff were dismissed.

30. Defendant City of Minneapolis is vicariously liable to Plaintiff for the malicious prosecution committed by the Defendant Officers.

31. As a direct and proximate result of this malicious prosecution, Plaintiff suffered damages as aforesaid.

### COUNT 6: NEGLIGENCE AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

32. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

33. Based on the above factual allegations, the Defendants acted negligently in their failure to provide required post-exposure treatment. Specifically, Defendants' failure to provide post-exposure treatment violated Minneapolis Police Department Policy and Procedure Manual, Policy 5-313.01.

34. As a direct and proximate result of this negligence, Plaintiff suffered damages as aforesaid.

### RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants violated Plaintiff's constitutional rights under the First and Fourth Amendments to the United States Constitution and battered, maliciously prosecuted, and acted negligently towards Plaintiff under Minnesota state law and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against all Defendants, jointly and severally, pursuant, but not limited, to *Smith v. Wade*, 461 U.S. 30 (1983);

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

                THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: <u>April 27, 2017</u>          By: <u>s/ Zorislav R. Leyderman</u>
                                      ZORISLAV R. LEYDERMAN
                                      Attorney License No. 0391286
                                      Attorney for Plaintiff
                                      The Law Office of Zorislav R. Leyderman
                                      222 South 9th Street, Suite 1600
                                      Minneapolis, MN 55402
                                      Tel: (612) 876-6626
                                      Email: zrl@ZRLlaw.com